Jesse Zirillo (SBN: 261938)
Kiet, Cothran & Zirillo, APC
1576 N. Batavia St., Ste. 1C
Orange, CA 92867
Tel.  (714) 974-5652
Fax  (714) 221-0890
Email kczlawbk@gmail.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Heimer Santos<br>Roxana Margarita Santos<br><br>Debtors. | Case No. **2:10-BK-11431-VZ**<br><br>Chapter 13<br><br>NOTICE OF MOTION AND MOTION TO AVOID LIEN OF UNITED GUARANTY CORPORATION PURSUANT TO 11 U.S.C. § 506(a)<br><br>DATE:  **May 10, 2010**<br>TIME:  **11:00AM**<br>PLACE:  Courtroom 1368<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE VINCENT ZURZOLO, NANCY CURRY, CHAPTER 13 TUSTEE, UNITED GUARANTY CORPORATION and all other interested parties:**

**NOTICE IS HEREBY GIVEN** that on May 10, 2010 at 11:00AM in Courtroom 1368 of the U.S. Bankruptcy Court located at 255 E. TEMPLE STREET, LOS ANGELES, CALIFORNIA 90012, debtors Heimer Santos and Roxana Margarita Santos will move this court for an order valuing the real property located at 37503 Monarch Street, Palmdale, CA 93552 and extinguishing the junior lien currently held or serviced by United Guaranty Corporation from said real property under 11 U.S.C. § 506(a) on the basis that the lien is wholly unsecured.

-1-

NOTICE OF MOTION AND MOTION TO
AVOID LIEN PURSUANT TO 11 U.S.C. § 506(a)

*Pursuant to Local Bankruptcy Rule 9013-1(7) any opposition to this Motion must be filed and served on debtors and debtors' counsel no later than fourteen (14) days prior to the above hearing date. Failure to file and serve a timely response to this Motion may result in a waiver of right to oppose the Motion and the Court may grant the requested relief without further notice to you.*

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. Heimer Santos and Roxana Margarita Santos, debtors in this Chapter 13 case, are interested parties and having standing to bring this motion.

## I.    INTRODUCTION

The purpose of this motion is to determine the value of the real property located at 37503 Monarch Street, Palmdale, CA 93552 ("Property") and to obtain a ruling that a certain lien on the Property in favor of United Guaranty Corporation ("Junior Lien") is a general unsecured creditor and that the Junior Lien be void upon entry of discharge in this matter. The Property is owned by Debtors Phillip Oviedo and Christine Oviedo ("Debtors"). Debtor incurred a mortgage on the Property with Home Loan Servicing, Inc. on or about 06/01/2005. The Junior Lien was incurred sometime thereafter. (See Exhibit "3") This Mortgage is held in favor of Home Loan Servicing, Inc. ("Senior Lien"). The current balances of the liens are:

Senior Lien: $230,127.00 (See Exhibit "2")

Junior Lien: $54,481.25  (See Exhibit "3")

According to a Uniform Residential Appraisal Report as certified by a licensed California Real Estate Appraiser the Property's current value is no more than $100,000.00 (See Exhibit "4").

As the Junior Lien is entirely unsecured, this court should enter an order deeming its claim unsecured and extinguish the Junior Lien on the Property.

//
//

## II. ARGUMENT

### A. A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE VALUE OF THE COLLATERAL, AND THE LIENS OF UNALLOWED SECURED CLAIMS ARE VOID

11 U.S.C. § 506(a) states that:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to a setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

11 U.S.C. § 506(d) further states that:

"To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

Therefore, to the extent a secured claim exceeds the value of the property securing the claim, that particular portion of the claim is considered unsecured.

### B. DEBTOR MAY REQUEST AND THE COURT MAY ENTER AN ORDER THAT VALUES COLLATERAL WHICH IS PROPERTY OF THE BANKRUPTCY ESTATE AND WHICH SECURES A CLAIM OF A CREDITOR AGAINST THE DEBTORS BY WAY OF MOTION AFTER A NOTICED HEARING

FRBP 3012 states that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party and after a noticed hearing. Most courts have determined that debtors may "strip off" completely unsecured liens through a noticed motion.

Accordingly, the debtors hereby request the Court to consider the instant lien stripping of Junior Lien's second mortgage by this motion rather than by adversary proceeding.

### C. THE JUNIOR LIEN SHOULD BE EXTINGUISHED AND RECOVEYED SINCE THE PROPERTY IS WORTH $100,000.00 OR LESS, AND THE FIRST DEED OF

**TRUST IS $230,127.00 THUS THE LIEN IS AVOIDABLE AND SHOULD BE REMOVED**

The prevailing case law in our jurisdiction holds that Chapter 13 debtors are entitled to "strip off" totally unsecured junior mortgages on a principal residence where the claims of the junior mortgage lien-holders are unsecured given that the value of the principal residence is less than the balance owed on the first mortgage. In re Lam, 211 BR 36 (9th Cir. BAP 1997). In Lam, the court held a debtor's completely unsecured junior mortgage could be stripped off his principal residence, holding that:

> "The Nobleman decision holding that section 1322(b)(5) bars a Chapter 13 plan from modifying the rights of holders of claims, secured only by the debtor's principal residence, does not apply to holders of totally unsecured claims. The extension of the protections of section 1322(b) to wholly unsecured lien holders is contrary to the provisions of the bankruptcy code allowing dischargeability of unsecured claims."

In re Lam followed the earlier decision of In re Gever, 203 BR 726 (SD Cal 1996). In Gever, the court sustained the Debtor's motion to avoid a lien brought under Bankruptcy Code § 506(d), and held that a Chapter 13 debtor may strip off a lien on his or her primary residence when the lien-holder's interest is totally unsecured, stating that:

> "The term "secured claim" as used in section 1322(b)(5) has the same meaning as the term "secured claim" in section 506(a). Unless there is some equity to which the creditor's lien attaches, there is no allowed secured claim and no entitlement to the protections against modification contained in section 1322(b)(2). A Chapter 13 debtor may "strip-off" a lien on his or her primary residence under the plan or under section 506(d) when the lien-holder's interest is totally unsecured. In re Gever, 203 BR 726, 729 (SD Cal 1996)."

Indeed, courts throughout the country agree that the decision of the United States Supreme Court in Nobleman v. American Savings Bank, 508 US 324, 113 S Ct. 2106, 124 L Ed 228 (June 1, 1993) which prohibits a creditor's claim on residential real estate from being bifurcated into secured and unsecured portions and the creditor's rights under

the unsecured portions from being modified does not prohibit a Chapter 13 debtor from stripping off a totally unsecured mortgage on a principal residence. <u>In re Lam, supra</u>: <u>In re Gever</u>, 203 BR 706; <u>Woodhouse v. Woodhouse</u>, 172 BR 1 (D. Rhode Island, 1984); <u>In re Sette</u>, 164 BR 453, 456 (Bankr. EDNY 1994); <u>In re Williams</u>, 161 BR 709 (Bankr. ED Ky 1993); <u>In re Moncrief</u>, 163 BR 492 (Bankr. ED ky 1993); <u>In re Hornes</u>, 160 BR 709 (Bankr. D Conn. 1993); <u>In re Plouffe</u>, 157 BR 198 (Bankr. D Conn. 1993)(a literal reading of Section 1322(b)(2) does exclude a mortgagee whose secured interest is zero).

In this particular case, the Property to be retained in the Chapter 13 Plan is Debtors' residential real property. The value of the property is $100,000.00 or less. (Exhibits 1 and 4). The balance of the Senior Lien is $230,127.00 and the balance of the Junior Lien is $54,481.25 (See Exhibits 1 and 3). Therefore, the secured interest of the Junior Lien of Trust is zero since there is absolutely no equity to which the Second Deed of Trust can attach. Therefore, the Junior Lien should be extinguished upon entry of discharge and treated as a general unsecured claim for purposes of this Chapter 13 proceeding.

### III. CONCLUSION

Based upon the foregoing, Debtors respectfully request the court enter an order that:

1. The lien held on the property by United Guaranty Corporation is to be unsecured for purposes of Chapter 13;
2. Any proof of claim filed by United Guaranty Corporation pertaining to its lien on the Property is to be deemed an unsecured claim within the Debtors' Chapter 13 Plan;
3. Upon completion of the Debtors' Chapter 13 Plan and the entry of discharge in the Case under 11 U.S.C. § 1328, United Guaranty Corporation's lien on the Property is to be treated as void and no longer an encumbrance on the Property;

NOTICE OF MOTION AND MOTION TO
AVOID LIEN PURSUANT TO 11 U.S.C. § 506(a)

4. Upon completion of the Chapter 13 Plan and entry of discharge under 11 U.S.C. § 1328, United Guaranty Corporation shall re-convey its lien on the Property;

5. If the Case is dismissed or converted to any other chapter prior to completion of the Plan and the entry of discharge under 11 U.S.C. § 1328, the lien held by United Guaranty Corporation will remain valid.

RESPECTFULLY SUBMITTED

Date: April 1, 2010     Kiet, Cothran & Zirillo, APC

/S/ JESSE ZIRILLO

Jesse Zirillo, 261938

-6-

NOTICE OF MOTION AND MOTION TO
AVOID LIEN PURSUANT TO 11 U.S.C. § 506(a)

## SUPPORTING DECLARATION OF ATTORNEY JESSE ZIRILLO FOR MOTION TO AVOID LIEN

I the undersigned, Jesse Zirillo, make the following declaration under penalty of perjury of the law of the United States of America:

1. I am a duly licensed and practicing attorney in the State of California and the Federal Central District of California.

2. I represent the Debtors in the captioned case in the Motion to Avoid Lien which this declaration is attached.

3. Exhibit 1 contains a true and correct copy of Schedules A and D filed on January 14, 2010.

4. Exhibit 2 contains a true and correct copy of the Proof of Claim as retrieved from the ECF servers in the Bankruptcy case 2:10-BK-11431-VZ. This proof of claim shows the amount of the secured claim to be higher than the appraised value of the home as set forth in Exhibit 4 as of the date it was signed, February 18, 2010.

5. Exhibit 3 is a true and correct copy of the Statement of United Guaranty Corporation showing the balance of the Junior Lien given to me by my clients, Heimer Santos and Roxana Margarita Santos.

Signed in Orange, California on this the 1st day of April, 2010.

Kiet, Cothran & Zirillo, APC

_____/S/Jesse Zirillo_____
By:   Jesse Zirillo, Esq.

-1-

SUPPORTING DECLARATION OF JESSE ZIRILLO